## STUYVESANT INS. CO. v. GENERAL WOODCRAFT CO.

Circuit Court of Appeals, Third Circuit.
January 11, 1928.

No. 3671.

Insurance ⚖═668(13)—Whether insured used reasonable care to protect walls of building after injury by fire held question for jury.

Submission to the jury, as one of fact, of the question whether insured, after a fire which damaged its building, took reasonable measures to protect the walls still standing, which subsequently fell, causing additional loss, *held* not error.

In Error to the District Court of the United States for the District of New Jersey; William Clark, Judge.

Action at law by the General Woodcraft Company against the Stuyvesant Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Arthur T. Vanderbilt, of Newark, N. J., for plaintiff in error.

J. Emil Walscheid, of Union City, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the General Woodcraft Company, a corporate citizen of New Jersey, brought suit and recovered a verdict and judgment against the Stuyvesant Insurance Company, a corporate citizen of the state of New York, for damage by fire to its factory, upon which the latter had issued its policy of insurance. Thereupon the insurance company sued out this writ of error.

No question is made of the general right of the plaintiff to recover, but the question is as to amount; the insurance company admitting its liability for $3,372.72, to which amount it contends the plaintiff was limited as the sum fixed by its proof of loss of May 21, 1925. The insured contended it was entitled to $4,545.46, being the amount of its loss as stated in its supplemental proofs of loss, dated August 14, 1925. The difference arose by reason of the fact that, about the time the first proofs were made, the walls of the factory, which had been injured by the fire, fell, and the alleged additional loss so sustained was the sum of $1,172.74.

At the conclusion of the testimony the defendant prayed for a nonsuit, which the court refused. Thereupon the court submitted the case to the jury, in a charge to which the defendant took no exception, and which stated the two differing amounts agreed to by

counsel, and left to the jury to determine the single question whether the insured had taken due steps to protect the walls after the fire, saying that counsel "agree that the question of fact for you to determine is this: This fire insurance company insured this property, and then a fire ensued, and the property was partially destroyed, as you saw, leaving these walls standing, and some 'time after the fire—two months I think it is, May 23d—the walls fell down. And it is the contention of the insurance company that the walls fell down because they were not properly protected—that proper precautions to preserve the property were not taken—and the court charges you that under a contract of fire insurance, if a fire takes place, it is the duty of the insured to protect the property after the fire, and to take reasonable and proper means for the securing and preservation of that property. And the burden of proof is on the plaintiff—that is, the man who owned this building—to show by the preponderance of evidence that he did take all reasonable and proper means for the securing and preservation of the property."

It will thus be seen that, on the only question of fact submitted, the verdict was for the plaintiff, and the judgment thereon must be sustained, unless the court committed error during the trial. Such error is alleged to be shown in the court's refusal to grant defendant's motion for a directed verdict, which was based on the grounds urged in support of a motion for a nonsuit at the close of plaintiff's case, namely:

"If the court please, I move for a nonsuit on the ground that it appears by the plaintiff's own witnesses that the wall, at the time that the goods were removed and the roof taken off, was in a very shaky condition. There is nothing shown to show any change since the date of the fire on March 14th, and nothing to show any change since the adjusters of the two parties had agreed upon and settled the amount of the loss. * * * May I urge the other ground, your honor, that the additional loss, if any there be, is shown by the evidence of the plaintiff's own witnesses to be the result of their acts in removing the roof beams, and in removing the contents of the second floor without properly protecting the walls from caving in?

"The Court: I think that is a question of fact. It may be that they did not protect the property properly. The jury will have to say as to that."

We find no error in the court's ruling. The motion for a directed verdict was properly refused, first, because it ignored the fact that the defendants conceded liability for the smaller sum; and, secondly, because the court submitted to the jury the issue of fact referred to in the above excerpts, and its verdict shows such facts were unfounded.

We have not overlooked that it is now contended that the condition of the wall was taken into account by the appraisers in fixing the smaller amount of damages, and that the insured was therefore limited to such amount; but we do not find any place in the record where this issue of fact, which was contradicted by testimony on the part of the plaintiff, or indeed any other of the contentions now made, were made the subject of rulings and exceptions which we are now called on to review.

Finding no error in such rulings of the court as were excepted to and assigned, the judgment is affirmed.